IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARTA SOLIS, § | | |
|     Plaintiff, § | | |
| v. § | | CIVIL NO. 3-12-CV-77-RFC |
| § | | |
| CAROLYN W. COLVIN,[1] § | | |
| Acting Commissioner of Social Security § | | |
| Administration, § | | |
|     Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, respectively. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

**PROCEDURAL HISTORY**

On October 9, 2008, Plaintiff filed applications for disability insurance benefits and supplemental security income benefits, alleging a disability onset date of June 17, 2008, due to high blood pressure, diabetes, depression and anxiety. (R:114-125) Her application was denied initially

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

and on reconsideration. (R:50-53) Plaintiff filed a request for a hearing, which was conducted on April 15, 2010. (R:15, 27-49) The Administrative Law Judge ("ALJ") issued a decision on September 8, 2010, denying benefits. (R:9-26) The Appeals Council denied review. (R:1-8)

## ISSUES

Plaintiff asks this Court to review whether the ALJ's finding that Plaintiff can perform her past relevant work is based on legal error and whether it is supported by substantial evidence. (Doc. 20 at 2) Plaintiff asserts that the ALJ committed legal error by failing to provide a function-by-function narrative analysis of Plaintiff's mental abilities and by failing to accommodate Plaintiff's moderate limitations in the domain of concentration, persistence, and pace in either his RFC determination or in his hypothetical question to the vocational expert.[2] (*Id*., at 3-5; R:18-19) Plaintiff also argues that the evidence of record does not substantiate the extent of the RFC the ALJ assessed. (Doc. 20) Plaintiff postulates that had the ALJ properly determined Plaintiff's RFC, he would have found that Plaintiff could not perform her previous relevant work and that she would have been found disabled at step five, pursuant to grid rule 202.01. (*Id*., at 7) Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (*Id*., at 8)

Defendant contends that substantial evidence supports the ALJ's findings and conclusions, that the proper legal standards were used, and that a remand for an award of benefits or further administrative proceedings is unwarranted. (Doc. 21)

---

[2] The ALJ found that Plaintiff had mild limitations in the domains of daily living activities and social functioning. (R:18-19) Plaintiff does not argue that the ALJ's RFC determination or hypothetical question to the vocational expert failed to accommodate these findings.

**DISCUSSION**

I. **Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

II. **Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The

3

claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

**III.    The ALJ's Determination of Plaintiff's Residual Functional Capacity**

In determining the severity of Plaintiff's mental impairments of depression and anxiety, the ALJ found that Plaintiff had mild difficulties in her activities of daily living and in her social functioning and moderate difficulties with regard to concentration, persistence, or pace. (R:18-19) After careful consideration of the entire record, the ALJ determined that Plaintiff had the RFC to perform the full range of light work and could "[(1)] understand, remember and carry out simple instructions, [and (2)] attend and concentrate up to 2 hours at a time with normal breaks in a normal work day." (R:19)  At the hearing, the ALJ included these maximum abilities in his hypothetical question to the vocational expert. (R:45)  The vocational expert stated that with such an RFC, an individual with the same age, education, and past work experience as Plaintiff could perform her past relevant work as a sewing machine operator. (*Id*.)

**IV.    Plaintiff's Claims of Legal Error**

First, Plaintiff contends that the RFC accomodation for "simple instructions" is the result of the same legal error committed in *Otte v. Commissioner*, NO. 3:08-CV-2078-P, 2010 WL 4363400, *6 (N.D. Tex. Oct. 18, 2010), substituting the "basic mental demands" of unskilled work for the full and fair "function-by-function" mental RFC analysis. (Doc. 20 at 6) In *Otte*, the ALJ, having found a moderate limitation in concentration, persistence, and pace, inappropriately made a vocational determination that the claimant could mentally perform all unskilled work within his physical RFC, erroneously correlating specific vocational preparation with the complexity of the tasks to be performed, instead of assessing an RFC for performing only simple, routine, repetitive work. *Otte*,

4

2010 WL 4363400 at *7.  Here, the ALJ's RFC assessment did not mention unskilled work, but identified the specific mental functions affected within the domain of concentration, persistence, and pace, and assessed that Plaintiff could understand, remember, and carry out only simple instructions and attend and concentrate up to two hours at a time.  (R:19-22)  Nor did the ALJ make any inappropriate vocational determinations as was done in *Otte*, but rather relied upon the testimony of a vocational expert.  (R:31)  *Otte* and the other similar cases cited by Plaintiff are inapplicable here.

The ALJ did not discuss each possible work related mental activity in his decision, nor was such discussion required.  While the ALJ must *consider* all of Plaintiff's abilities, not all considerations must be articulated in the written opinion; the ALJ must explain how the evidence supports the RFC determination.  *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184 at *7.  The ALJ discussed the psychological examination report from James W. Schutte, Ph.D., finding Plaintiff to be "mildly" impaired due to an anxiety disorder in terms of her ability to reason, and make occupational, social, and personal adjustments.  (R:20-21, 210-212)  The ALJ did not discuss in detail the function-by-function assessment of the state agency consultant, Susan Thompson, M.D., but stated that his determination is consistent with the state agency consultants' determinations.  (R:17-22, 236-238)  Dr. Thompson initially found that Plaintiff had mild limitations in maintaining social functioning and concentration, persistence, and pace, and moderate restrictions in her activities of daily living.  (R:224)  In her function-by-function analysis, Dr. Thompson found that Plaintiff was markedly limited in her ability to understand, remember, and carry out detailed instructions.  (R:236)  She also found that Plaintiff was moderately limited in her ability to: (1) maintain attention and concentration for extended periods; (2) make simple work-related decisions; (3) complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform

5

at a consistent pace without an unreasonable number and length of rest periods; (4) accept instructions and respond appropriately to criticism from supervisors; and (5) get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (R:236-237) Dr. Thompson concluded, however, that Plaintiff was able to "understand, remember and carry out only simple instructions, make simple decisions, attend/concentrate for extended periods, interact adequately with co-workers and supervisors and respond appropriately to changes in a routine work setting." (R:238) This is consistent with the RFC the ALJ assessed.

Plaintiff argues, conversely, that the ALJ erred by failing to include, in both Plaintiff's RFC and in the hypothetical question posed to the vocational expert, the more general finding of Plaintiff's moderate limitation in the domain of concentration, persistence or pace. (Doc. 20 at 7) While the ALJ did not include this more general finding *per se*, as discussed above, he did include in both instances the more specific limitations that he concluded that Plaintiff experienced within that functional domain. The ALJ expressed Plaintiff's limitation by stating her maximum ability to understand, remember and carry out simple instructions, and to attend and concentrate up to 2 hours at a time with normal breaks in a normal work day. (R:19) It was not error for the ALJ to exclude the more general finding from both Plaintiff's RFC and the hypothetical question in lieu of more specific and precise functional limitations.

Lastly, Plaintiff contends that the ALJ erred in relying on Plaintiff's minimal daily activities to discredit Plaintiff's allegations. (Doc. 20 at 4, citing *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (finding that the ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain).) The Court notes that the ALJ did not rely *solely* on Plaintiff's activities of daily living in determining her credibility regarding the severity of

the symptoms and limitations caused by her depression. The ALJ relied on the mild limitations finding in Dr. Schutte's examining psychological report and Dr. Thompson's ultimate findings of Plaintiff's maximum abilities. (R:20-22) The ALJ also emphasized that Plaintiff had not sought treatment for her current depression and anxiety and that her treating physician, who saw her once every three or four months, had neither referred her to a mental health provider nor prescribed medication to manage her symptoms. (R:21) Failure to seek treatment is an indication of nondisability and relevant to the credibility of a claimant's subjective complaints. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Further, it is appropriate, and in fact required, for the ALJ to consider the daily activities in which Plaintiff engages when assessing the severity of her mental impairments and her RFC, and permissible to consider them in evaluating Plaintiff's credibility. *See Burns v. Barnhart*, 312 F.3d 113, 129-30 (3d Cir. 2002); *Leggett v. Chater*, 67 F.3d 558, 565 n. 12 (5th Cir. 1995); 20 C.F.R. § 404.1520a(c)(2)-(3), Pt. 404, Subpt. P, App. 1, § 12.00(A), (C)(1); 20 C.F.R. § 404.1529(c)(3), (4).

Plaintiff is not entitled to relief on these claims.

**V.     Plaintiff's Substantial Evidence Claim**

Plaintiff also contends that the ALJ's RFC determination is not supported by substantial evidence. (Doc. 20 at 3-7) While Plaintiff emphasizes record evidence that might support a more restrictive RFC, this Court is limited to determining whether there is substantial evidence to support the ALJ's determination, and substantial evidence can be less than a preponderance. *See Masterson*, 309 F.3d at 272. After reviewing the entire record, the Court finds that the ALJ's RFC decision is substantiated.

Plaintiff testified that she had memory problems, had a hard time concentrating and keeping on certain tasks throughout the day, experienced anxiousness/nervousness every few months, and had frequent headaches, but during her consultative psychological examination, Plaintiff denied having any trouble concentrating or remembering what she had to do at work.  (R:40-42, 210)

Dr. Schutte found Plaintiff's attention and concentration to be within normal limits, though in the borderline range on one test, and assessed Plaintiff with a Global Assessment of Functioning score of 65, which indicates that an individual has only mild symptoms or difficulty in social, occupational or social functioning. (R:210-212); American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. Text Revision 2000).

Even with the moderate to marked limitations Dr. Thompson assessed, she stated that Plaintiff could still understand, remember, and carry out simple instructions, make simple decisions, interact adequately with coworkers and supervisors, attend and concentrate for extended periods, and respond appropriately to changes in a routine work setting.  (R:236-238)

Finally, Dr. Porras assessed Plaintiff with clinical depression with anxiety features, stating that this was due to the hardships of unemployment and amounted to a minimally depressed mood. (R:206-208)  He also noted that Plaintiff had been treated with antidepressants for depression and a generalized state of fear for eight months in 2000, but that Plaintiff had not been treated recently. (R:206)

The ALJ's determination is supported by substantial evidence.  Plaintiff is not entitled to relief on this claim.

## CONCLUSION

For the reasons stated above, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on July 28, 2014.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE